500 F.2d 1129
 Carlotta Mozelle BREWER and Demetria Yvonne Brewer, infants
by Oner Brewer, their father and next friend, et
al., Appellants,
v.
The SCHOOL BOARD OF the CITY OF NORFOLK, VIRGINIA, et al., Appellees.
 No. 71-1900.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 2, 1973.
Decided July 31, 1974.
 
 S. W. Tucker, Richmond, Va. (Henry L. Marsh, III, James W. Benton, Jr., Hill, Tucker & Marsh, Richmond, Va., Jack Greenberg, James M. Nabrit, III, Norman Charchkin, New York City, and Victor J. Ashe, Norfolk, Va., on brief) for appellants.
 Allan G. Donn, Norfolk, Va. (Toy D. Savage, Jr., Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., and Leonard H. Davis, City Atty., for the City of Norfolk, Va., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and WINTER, CRAVEN, BUTZNER, RUSSELL, FIELD and WIDENER, Circuit Judges, sitting en banc.
 PER CURIAM:
 
 
 1
 We are concerned with an award of attorneys' fees in a school desegregation case.
 
 
 2
 In 1972 we held that our direction that the School Board be required to provide free transportation to the pupils requiring transportation under a court-ordered desegregation plan conferred an economic benefit upon their parents which was somewhat analogous to the creation of a special fund. On that basis, we directed the District Court to determine and award fees for the plaintiffs' attorneys. Brewer v. School Board of City of Norfolk, Virginia, 4 Cir., 456 F.2d 943. This the District Court did, limiting its determination of compensable time to the time the attorneys devoted to the free transportation issue.
 
 
 3
 After our decision in March 1972, the Congress enacted 718 of the Education Amendments Act of 1972, providing, generally, for an award of attorneys' fees to the prevailing party in appropriate school desegregation cases upon entry of a final order.
 
 
 4
 This appeal was brought by the plaintiffs contending that the fee award was inadequate. After argument we held the case pending the Supreme Court's construction of 718 in the then pending case of Bradley v. School Board of City of Richmond, Virginia. The Supreme Court announced its decision in Bradley on May 15, 1974, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476. As construed in Bradley, it now appears that 718 provides a vehicle for an award of fees for the plaintiffs' attorneys for services rendered without limitation to what they did with respect to the issue of free transportation.
 
 
 5
 Accordingly, without intimation of any opinion that the District Court's award was inadequate on the basis of our direction to it in March 1972, the award is vacated and the case is remanded to the District Court with instructions to determine and award to the plaintiffs such reasonable attorneys' fees as may be appropriate under 718 as construed by the Supreme Court in Bradley.
 
 
 6
 Vacated and remanded.